UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | | |
|---|---|---|
| STEVEN M. WILLIAMS, | : | CASE NO. C-3-04-cv-00117 |
| Plaintiff, | : | |
| v. | : | **Magistrate Judge Michael Merz** |
| DAYTON POLICE DEPT., et al. | : | <u>AFFIDAVIT OF</u><br><u>OFFICER CHAD W. JONES</u> |
| Defendants. | : | |

STATE OF OHIO         )
                      ) ss:
COUNTY OF MONTGOMERY  )

Officer Chad W. Jones, after being duly cautioned and sworn, states the following:

1. I have personal knowledge of all information contained in this affidavit and I am competent to testify to all of the facts contained in this affidavit and to testify to all matters stated herein.

2. I am now currently and have been with the City of Dayton Police Department as an Officer since 2002.

3. On September 15, 2003, I was dispatched to the area of 112 N. Sperling Ave. upon drug complaints.

4. The information provided with the dispatch indicated that there were three males riding bicycles in the street and dealing drugs to people driving by in the street.



DEFENDANT'S EXHIBIT 1

5. When I got to the area an elderly gentleman approached me and told me that drug activity was occurring at 112 N. Sperling.

6. I then approached 112 N. Sperling and noticed that there were three bicycles lying in the front yard.

7. I walked up to the front door and knocked.

8. A female who identified herself as Deborah Setzer opened the door and informed me that she had recently moved into the residence.

9. I asked her if I could come in and she said yes, and opened the door fully so that I could enter.

10. Upon entering the home, I noticed several crack pipes and a plastic tube that, based upon my knowledge and training as a police officer, were commonly used to smoke crack cocaine. The pipes and tubes tested positive for crack cocaine.

11. Upon entering the home, two males ran from the living room into the back rooms.

12. Based on the drug complaints, the drug paraphernalia in plain view in the living room, and the males actions of running toward the back of the house, I, along with other officers chased the males and performed a protective sweep of the house for officer safety.

13. Nuisance abatement notices were subsequently issued to the individuals found in the home.

14. At no time, was the Plaintiff detained, nor was any search performed other than the protective sweep for officer safety. Moreover, none of the officers opened any mail or otherwise searched the premises.

Further affiant sayeth naught.

Officer Chad W. Jones

Sworn to before me, a Notary Public in and for the State of Ohio, and subscribed in the presence by the said Chad W. Jones this 30th day of September 2005.

Notary Public

JOHN C. MUSTO, Attorney at Law
Notary Public, State of Ohio
My Commission has no expiration date.
Section 147.03 O. R. C.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | | |
|---|---|---|
| STEVEN M. WILLIAMS, | : | CASE NO. C-3-04-cv-00117 |
| Plaintiff, | : | |
| | : | **Magistrate Judge Michael Merz** |
| v. | : | |
| DAYTON POLICE DEPT., et al. | : | <u>AFFIDAVIT OF DENNIS ZIMMER</u> |
| Defendants. | : | |

STATE OF OHIO )
                       ) ss:
COUNTY OF MONTGOMERY )

Dennis Zimmer, after being duly cautioned and sworn, states the following:

1. I have personal knowledge of all information contained in this affidavit and I am competent to testify to all of the facts contained in this affidavit and to testify to all matters stated herein.

2. I am now currently and have been for over 11 years a Conservation Specialist with the Department of Building Services in the Division of Housing Inspection.

3. As part of my job I am also the Secretary to the Nuisance Appeals Board, am responsible for conducting all of the business of the Nuisance Appeals Board, and I attend all of the Nuisance Appeal Hearings.



DEFENDANT'S EXHIBIT 2

4. Pursuant to the City of Dayton's Revised Code of General Ordinances, the individual appealing a nuisance determination is entitled to present evidence, cross-examine witnesses and otherwise dispute the nuisance determination before the Board.

5. Plaintiff in this case was issued a nuisance determination concerning the property located at 112 N. Sperling in September of 2001 and appealed the determination to the Nuisance Appeals Board.

6. A hearing was held in October of 2001. At the hearing the City put on evidence as to why the 112 N. Sperling property constituted a nuisance and the Plaintiff appeared at that hearing, was allowed to present evidence, cross-examine witnesses and otherwise argue why 112 N. Sperling was not a nuisance.

7. After the hearing, the Nuisance Appeals Board issued an October 23, 2003 decision determining that the 112 N. Sperling Property was a nuisance property and ordered that the "subject premises be vacated and maintained vacant and secure for 365 days commencing October 23, 2003 by Steven Williams. The closure period will be held in abeyance pending further nuisance violations. However, that closure may be modified if this decision is appealed to court." (A copy of the Decision is attached hereto as Exhibit A).

8. Although Plaintiff was given a written copy of the decision, Plaintiff never appealed the determination.

9. Subsequently, in April of 2004, the 112 N. Sperling residence was again deemed a nuisance and Plaintiff again appealed the nuisance determination.

10. Plaintiff's appeal hearing was held on June 3, 2004. At the hearing, evidence was presented establishing the property as a nuisance.

11. Plaintiff showed up to the hearing along with his sister, the actual owner of the property, and both Plaintiff and his sister apologized for the problems that the Plaintiff had caused, asked that the appeal be withdrawn and told the Board that Plaintiff would no longer reside at the home.

12. After determining that the home was a nuisance, the Board allowed Plaintiff to withdraw his appeal and took no further action.

Further affiant sayeth naught.

_____
Dennis Zimmer

Sworn to before me, a Notary Public in and for the State of Ohio, and subscribed in the presence by the said Dennis Zimmer this 28 day of SEPTEMBER 2005.

_____
Notary Public

Expires 3/9/08




City of Dayton, Ohio
Department of Building Services
Division of Housing Inspection
(937) 333-3977
FAX 333-4294

371 West Second Street
P.O. Box 22
Dayton, OH 45401-0022

www.cityofdayton.org

## CITY OF DAYTON USE NUISANCE APPEALS BOARD

October 23, 2003

Steven Williams
112 N. Sperling
Dayton, OH 45403
    **Appellant**
    vs

CITY OF DAYTON
    **Appellee**

**CASE NO.** U2003-101

**DECISION, FINAL ORDER AND ENTRY**

---

This matter has come to the Use Nuisance Appeals Board pursuant to the appeals procedure in the Revised Code of General Ordinances, Section 152.07 for hearing on the appeal of **Steven Williams** from the order of the Housing Inspection Manager dated **September 15, 2003** in which the owner of the premises located at **112 N. Sperling** was ordered to abate the public nuisance at said location, which was alleged to exist by reason of the following condition:

**A violation as defined in RCGO 152.01E2c occurred at the subject location.**

On **September 17, 2003, Steven Williams** filed a written request for a hearing. Said hearing was held **Thursday, October 23, 2003 at 9:15 a.m.**, at the City of Dayton Building Services - One Stop Center – 371 W. Second Street –3rd Floor – Conference Room #325, Dayton, Ohio.

**The following members of the Board were present:**
Lela Estes designee of the Director of Building Services
Greg Smith, designee of the Director of Fire
Not Present, designee of the Director of Planning
Not Present, designee of the Director of Building Services
Sgt. Ron Webb, designee of the Director of Police


**Also present were:**
Dennis Zimmer, Conservation Specialist
Andrew Sexton, Department of Law
Det. John Ness, Police Department
Steven Williams, Appellant
Florence Williams, Appellant
Jill Pirrung, Owner
Mark Cain, SEPB
Ursula Parchment, Court Reporter

All witnesses were duly sworn.



DEFENDANT'S EXHIBIT A

City of Dayton, Ohio
Department of Building Services
Division of Housing Inspection
(937) 333-3977
FAX 333-4294



371 West Second Street
P.O. Box 22
Dayton, OH 45401-0022

www.cityofdayton.org



### FINDING OF FACTS
See Attachment

### ORDER

**Based upon all the evidence adduced, the Board upon motion duly made and seconded:** (a) Sustains the finding that a public nuisance exists on the property, and orders the abatement thereof. The Board further: (b) Determines that the tenant of the real property or personal property used in the futherance of the public nuisance was not in good faith, innocent of knowledge of the use of such property as a nuisance and that, with reasonable care and diligence, such tenant could have known thereof. The Board further finds that: (c) The subject premises must be vacated and maintained vacant and secure for 365 days commencing **October 23, 2003 by Steven Williams**. The closure period will be held in abeyance pending no further nuisance violations. However, that closure period may be modified if this decision is appealed to court.

**This decision was unanimous by a quorum of the Board.**

Approved by:

*Lela Estes*
Lela Estes, Chairperson to the
Use Nuisance Appeals Board

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | | |
|---|---|---|
| STEVEN M. WILLIAMS, | : | CASE NO. C-3-04-cv-00117 |
| Plaintiff, | : | |
| | : | **Magistrate Judge Michael Merz** |
| v. | : | |
| DAYTON POLICE DEPT., et al. | : | <u>AFFIDAVIT OF OFFICER</u> <u>JOHN EVERSOLE</u> |
| Defendants. | : | |

STATE OF OHIO        )
                     ) ss:
COUNTY OF MONTGOMERY )

Officer John Eversole, after being duly cautioned and sworn, states the following:

1. I have personal knowledge of all information contained in this affidavit and I am competent to testify to all of the facts contained in this affidavit and to testify to all matters stated herein.

2. I am now currently and have been an Officer with the Dayton Police Department for over seven years.

3. On April 8, 2004, I was dispatched to 112 N. Sperling to investigate a drug complaint. I was familiar with the location and knew that it had been nuisance abated for drug issues in September of 2003 and that there had been drug complaints concerning the location after the nuisance abatement. I requested backup and Dayton Police Officer Thomas Rachlow and Dayton Police Sgt. Michael McCune responded to assist me.


DEFENDANT'S EXHIBIT 3

4. The complaint I was responding to indicated that numerous people had been entering and exiting the home and specifically mentioned several white females and two black males inside the residence.

5. Sgt. McCune and I went to the front door and Officer Rachlow waited in the alley behind the house. I knocked on the front door, notified whoever was inside that I was a police officer and asked that they open the door. A woman's voice responded that she was going to have to ask the owner if we could come in. A few moments later she came back to the door and let me in.

6. I entered the house and saw three white females in the living room, two were laying on the floor. I recognized one of the females as Lori Combs-Wright. At that time I knew that Ms. Combs-Wright was a prostitute and that she had a warrant for her arrest. I asked the females where Mr. Williams, the primary tenant of the house, was, and one of the females said that he was somewhere in the house.

7. At this time I requested Sgt. McCune and Officer Rachlow to come into the house to assist me. Because I knew that the house had been nuisance abated for drug activity and had since received drug complaints, and because the dispatch indicated that there were multiple males inside the home, we performed a protective sweep for officer safety while Officer Rachlow arrested Ms. Wright-Combs. In addition, we looked for Mr. Williams to discuss the drug complaints with him and to make sure that he was safe.

8. During the protective sweep through the home we found Mr. Williams in the attic and also discovered, in plain view, a blue plastic tray, a metal push rod, a razor blade and a ceramic plate all with white residue. Based on my training and experience I knew that these items were commonly used for smoking crack cocaine. Also, based on my experience and training I believed that the white residue was crack cocaine. The items subsequently tested positive for crack cocaine.

9. Based on the discovery of the crack cocaine residue, the individuals in the home were issued nuisance abatement paper work and Ms. Wright-Combs was arrested on the warrant and taken from the home.

10. At no time did I or the other officers perform any search of the home other than the protective sweep. Further, I have never opened Mr. Williams' mail, nor did I see any other officer open any mail at the residence.

Further affiant sayeth naught.

_____
Officer John Eversole

Sworn to before me, a Notary Public in and for the State of Ohio, and subscribed in the presence by the said John Eversole this 30th day of September 2005.

_____
Notary Public

JOHN C. MUSTO, Attorney at Law
Notary Public, State of Ohio
My Commission has no expiration date.
Section 147.03 O. R. C.