UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | | |
|---|---|---|
| **STEVEN M. WILLIAMS,** | : | CASE NO. C-3-04-cv-00117 |
| Plaintiff, | : | |
| | | Magistrate Judge Michael Merz |
| v. | : | |
| **DAYTON POLICE DEPT., et al.,** | : | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF SUMMARY** |
| Defendants. | : | **JUDGMENT** |

_____

## I. INTRODUCTION

On October 4, 2005, Defendants, City of Dayton, Sgt. Michael McCune, Sgt. Daniel Williger, Officer John Eversole, Officer Dan Halsall, Officer Chad Jones, Officer Eric Steckel, and Officer Thomas Rachlow, filed a Motion for Summary Judgment in their favor on all of Plaintiff's claims. Defendants' Motion was supported by several affidavits setting forth admissible evidence establishing that the Defendants are entitled to summary judgment in their favor on the Plaintiff's claims.

On November 10, 2005, after getting an extension of time to respond, Plaintiff filed a document captioned "Plaintiff's Motion for Summary Judgment." The deadline to file for summary judgment in this case was October 7, 2005. The Court never granted the Plaintiff an extension of time to file for summary judgment, only an extension of time to respond to the Defendants' Summary Judgment Motion. (See Notation Order of October 29, 2005). Plaintiff's Response does not contain any affidavits or otherwise admissible

1

evidence, nor does it contain any citations to any applicable case law. Plaintiff has not met his burden to come forth with admissible evidence necessary to establish an issue of material fact for trial. As such, the Defendants' Motion for Summary Judgment should be granted in their favor on all of the Plaintiff's claims.

## II. LAW AND ARGUMENT

### A. PLAINTIFF HAS FAILED TO MEET HIS BURDEN TO COME UP WITH ADMISSIBLE EVIDENCE TO DEFEAT THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

A party opposing summary judgment must offer concrete evidence from which a reasonable jury could return a verdict in its favor in order to avoid judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986). Further, a defendant is entitled to summary judgment if a plaintiff fails to make a showing sufficient to establish the existence of all essential elements of his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In ruling on a summary judgment motion, a "court is not…obligated to wade through and search the entire record for some specific facts that might support the non-moving party's claim." *Interroyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). "Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, upon only those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Henry v. Ohio Dept. of Mental Retardation & Disabilities*, 162 F. Supp. 2d 794, 799 (S.D. Ohio 2000).

"Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not enough to defeat a well supported motion for summary judgment." *Gooden v. City of Memphis*, 67 Fed. Appx. 893, 895 (6th Cir. 2003)(Court granted

summary judgment against *pro se* litigant who failed to file affidavits or other evidence admissible pursuant to Fed. Civ. R. 56). For a document to be considered in support or opposition to motion for summary judgment, it must be authenticated and attached to a suitable sworn affidavit. Fed. Civ. R. 56(e).

Here, Plaintiff has not attached any sworn affidavits or otherwise admissible evidence in opposition to Defendants' Motion for Summary Judgment. The Plaintiff merely attached a series of unsworn statements containing conclusory allegations and unauthenticated records. This is despite the fact that the Court granted Plaintiff an extension of time to respond and the Court specifically notified the Plaintiff that "a party faced with a motion for summary judgment cannot rely merely on the claims he or she has made in the Complaint, but must respond with evidence which shows that there is a genuine issue of material fact for trial in the case. The evidence must be the same quality that would be admissible at trial in the case." (Court's Order to Plaintiff on October 11, 2005). As such, Plaintiff has failed to meet his burden to overcome the Defendants' Motion for Summary Judgment.

### III.   CONCLUSION

For the foregoing reasons, Defendants, City of Dayton, Sgt. Michael McCune, Sgt. Daniel Williger, Ofc. John Eversole, Ofc. Dan Halsall, Ofc. Chad Jones, Ofr. Eric Steckel, and Ofc. Thomas Rachlow respectfully request that this Court grant them summary judgment in their favor on all Plaintiff's claims.

Respectfully submitted,

**PATRICK J. BONFIELD #0015796**
**DIRECTOR OF LAW**

By S/ JOHN C. MUSTO
John J. Danish #0046639
Chief Trial Counsel
John C. Musto #0071512
Assistant City Attorney
101 West Third Street
P. O. Box 22
Dayton, Ohio 45401
(937) 333-4110
john.musto@cityofdayton.org

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been sent by ordinary U.S. Mail, postage prepaid, to Steven M. Williams, 427 Springfield St., Dayton, OH 45403, this 18th day of November 2005.

S/ JOHN C. MUSTO
John C. Musto
Assistant City Attorney