# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEVEN M. WILLIAMS,

       Plaintiff,          :        Case No. 3:04-cv-117

   -vs-                                        Chief Magistrate Judge Michael R. Merz
                                  :

DAYTON POLICE DEPARTMENT,
  et al.,

       Defendants.

## DECISION AND ORDER

This case is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 33), filed after the conclusion of discovery. Plaintiff has filed a cross-motion (Doc. No. 37) and Defendants have filed a Reply in support (Doc. No. 38). The parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. §636(c) and the case has been referred on that basis.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences

that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;  the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).  Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

     Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law.  Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).  If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id*. The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996).  "On summary judgment," moreover, "the inferences to be

drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

**Analysis**

Plaintiff brought this action against the City of Dayton, Ohio, and Dayton Police Officers McCune, Williger, Eversole, Halsall, Jones, Steckel, and Rachlow.  Essentially Plaintiff claims the individual Defendants violated his Fourth Amendment rights by entering his home at 112 North Sperling on September 15, 2003, and April 8, 2004, searching the home on those occasions, detaining him in handcuffs during the searches, and, on one occasion, reading his private mail.  He also contends his property interests, protected by the Fourteenth Amendment Due Process Clause, were invaded by the processing of complaints against him and his residence through the City of Dayton nuisance abatement process.

Defendants seek summary judgment on all claims.  They support their Motion with sworn Affidavits of persons who are competent to give testimony at trial on the matters on which they have given affidavits.  Taken together, those affidavits provide proof that Defendants entered the premises at 112 North Sperling on both occasions with permission of persons present on the premises who had apparent authority to grant such permission, and that the only searches made were protective sweeps reasonably necessary to ensure the officers' safety.

Despite being given an extension of time to do so and notice of the quality of evidence required to oppose a summary judgment motion, Plaintiff has filed no admissible evidence in opposition to the Motion, not even an Affidavit sworn to by himself as to the facts he alleges.  As the Plaintiff was notified, Fed. R. Civ. P. 56(e) provides in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. ...  When a motion for summary judgment is made and supported as

provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In the absence of any admissible evidence on Plaintiff's part and given affidavits which support all of the evidentiary positions taken by Defendants, the Court has no choice but to accept the Defendants' version of those facts.

Given the Defendants' version of the facts, the Defendants are entitled to summary judgment on Plaintiff's claims. There is no violation of the Fourth Amendment in entering premises with permission of a person with apparent authority to grant the permission. *Harajli v. Huron Township*, 365 F. 3d 501, 505-506 (6th Cir. 2004). There is no constitutional right to be free of police surveillance of the exterior of one's residence. A protective sweep to ensure officer safety during the course of a search does not violate the Fourth Amendment. *Maryland v. Buie,* 494 U.S. 325 (1990). It is even permissible to detain a person from inside the home in handcuffs while the search is conducted. *Muehler v. Mena*, 125 S. Ct. 1465 (2004).

Plaintiff's claim that the Dayton nuisance abatement procedure is unconstitutional is vague and ambiguous – he does not say what it is about the ordinance that is claimed to be unconstitutional. All legislative enactments enjoy a presumption of constitutionality. *Sedar v. Knowlton Constr. Co.*, 49 Ohio St. 3d 193, 551 N.E. 2d 938 (1990) citing *Hardy v. VerMeulen*, 32 Ohio St. 3d 45, 48, 512 N.E. 2d 626, 629 (1987). *State v. Dorso*, 4 Ohio St. 3d 60, 61, 446 N.E. 2d 449, 450 (1983); *State, ex rel. Dickman, v. Defenbacher,* 164 Ohio St. 142, 128 N.E. 2d 59 (1955). Courts must apply all presumptions and germane rules of construction to uphold a challenged statute if at all possible. *Sedar, supra,* at 199. Only if the unconstitutionality of a statute is shown beyond a reasonable doubt can the statute be declared invalid. *Bd. of Edn. v. Walter*, 58 Ohio St. 2d 368, 390 N.E. 2d 813 (1979). Plaintiff has not shown that the ordinance is unconstitutional.

Finally, Plaintiff has demonstrated no claim against the City of Dayton itself. Municipalities and other bodies of local government are "persons" within the meaning of §1983 and may therefore be sued directly if they are alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)The policy must be deliberate and discernible. *Molton v. City of Cleveland*, 839 F.2d 240 (6th Cir. 1988). For an act pursuant to custom to subject a municipality to liability, the custom must be so widespread, permanent, and well settled as to have the force of law. *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 404, 116 S. Ct. 1382, 1388 (1997); *Doe v. Claiborne County, Tenn*., 103 F. 3d 495, 507-08 (6th Cir. 1996). To recover, a plaintiff must identify the policy, connect the policy to the political subdivision itself, and show that the particular injury was incurred because of the execution of that policy. *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 405, 116 S. Ct. 1382, 1389 (1997); *Garner v. Memphis Police Dept*., 8 F. 3d 358, 364 (6th Cir. 1993). There must be a direct causal link between the policy and the alleged constitutional violation such that the governmental entity's deliberate conduct can be deemed the moving force behind the constitutional violation. *Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004), citing *Waters v. City of Morristown*, 242 F. 3d 353, 362 (6th Cir. 2001)(citing *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 404, 116 S. Ct. 1382, 1388 (1997)).

There are no material disputed facts because Plaintiff has presented no admissible evidence in support of his version of the facts. On the evidence as presented by Defendants and unrebutted by Plaintiff, Defendants are entitled to judgment as a matter of law.

Defendants' Motion for Summary Judgment is granted. The Clerk will enter judgment dismissing the Complaint herein with prejudice.

November 21, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge
